**LEX TEX, LTD., INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 483–80C.**

United States Claims Court.

June 30, 1986.

Robert C. Miller, Arlington, Va., with whom was James W. Crabtree, Charlotte, N.C., for plaintiff.

A. David Spevack, with whom was Asst. Atty. Gen., Richard K. Willard, Washington, D.C., for defendant; Thomas J. Byrnes, of counsel.

## OPINION

SMITH, Chief Judge.

The defendant has filed a motion for summary judgment and the plaintiff has opposed the motion. After hearing oral argument and considering the entire record, the court grants the defendant's motion for summary judgment.

## FACTS

The plaintiff, Lex Tex Ltd., Inc., filed a petition in this court on September 8, 1980 and an amended petition on September 3, 1981, alleging infringement of the United States Patent No. 3,091,912. On February 18, 1982, the defendant moved to stay the proceedings pending the outcome of a reexamination of the patent in suit by the Patent and Trademark Office. The District Court for the Southern District of Florida found the patent to be valid and infringed. This decision was appealed to the Court of Appeals for the Federal Circuit, which ruled that all claims of the patent in suit were unenforceable because of "inequitable conduct". *J.P. Stevens v. Lex Tex,* 747 F.2d 1553, 1567 (Fed.Cir.1984). The defendant has moved for summary judgment asserting that under the principles of collateral estoppel the plaintiff is estopped to assert infringement of any claim of United States Patent No. 3,091,912.

## DISCUSSION

The defendant argues the plaintiff has had an opportunity to fully and fairly litigate the unenforceability issue and is estopped from further litigating this issue. *Blonder-Tongue Lab. Inc. v. University Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

■ The plaintiff has raised two arguments in opposition to the application of collateral estoppel. First, they argue that *Blonder-Tongue* does not apply because that case involved a prior holding of patent *invalidity,* rather than a prior holding of patent *unenforceability.* In support of this theory, they rely on *Kearney & Trecker Corp. v. Cincinnati Milacron, Inc.,* 403 F.Supp. 1040, 1046 (S.D.Ohio 1975), but later candidly admit in their brief at p. 6 that "[t]he *Kearney* decision does not unequivo-

cally state the proposition that where a patent has been declared unenforceable, rather than invalid, collateral estoppel should be precluded." The court finds no basis for a distinction between "invalidity" and "unenforceability" but adheres to the policy as expressed in *Kearney* at 1045 that when "deciding whether collateral estoppel applies there must be a balancing of the equities on a case by case basis."

■ Second, the plaintiff argues that they relied on the longstanding presumption that the examiner considered all references in the field of search. *E.I. du Pont de Nemours & Co. v. Berkley & Co.*, 620 F.2d 1247 (8th Cir.1980). Further, plaintiff claims it was caught in a change of law as expressed in *Driscoll v. Cebalo*, 731 F.2d 878, 885 (Fed.Cir.1984) which enunciated a new principle: the presumption that an examiner considered all references classified in the field to be searched does not apply "where fraud or other egregious conduct is alleged." The plaintiff argues that the application of the *Driscoll* principle by the Federal Circuit, retroactively placed a new burden of proof on *Lex Tex* and *Lex Tex* did not present the evidence, which the Federal Circuit has now ruled it must present in order to prevail. However, the *Driscoll* principle is not new and had been enunciated in several prior cases as well as the policy manual of the Patent and Trademark Office. *See Armour & Co. v. Swift & Co.*, 466 F.2d 767 (7th Cir.1972); *Chicago Rawhide Mfg. Co. v. Crane Packaging Co.*, 523 F.2d 452 (7th Cir.1975), and *Manual of Patent Examining Procedure*, § 2001.-06(b).

The plaintiff is not attempting to present newly-discovered evidence but arguing they should be allowed to present evidence that was available at the first trial but was not presented, because the law as they understood it, at that time, did not require them to do so. This argument is precluded by the Court of Appeals' decision in *J.P. Stevens* and it is not open to this court to either overrule the Court of Appeals, to which our decisions must be appealed, or to require that they give plaintiff another bite of the appellate apple following a full trial.

## CONCLUSION

■ The doctrine of collateral estoppel must be applied in this case, therefore the defendant's motion for summary judgment is granted. The clerk is directed to enter judgment dismissing the complaint with costs to the prevailing party.